# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-40084-01-JAR |
| ) | |
| CUI QIN ZHANG, ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant Cui Qin Zhang's "Motion Pursuant to Fast Track U.S.S.G. 5K3.1" (Doc. 131). Zhang contends that she qualifies for a reduction of her sentence pursuant to § 5K3.1, which states:

> Early Disposition Programs. *Upon motion of the Government,* the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.[1]

In support of her request, Zhang states that she pled guilty to her offense and accepted responsibility, waives her right to an immigration hearing, and will stay out of the United States for the term imposed by the INS judge.[2]

Section 5K3.1 of the sentencing Guidelines allows the Government to create a program

---

[1] U.S.S.G. § 5K3.1 (emphasis added).

[2] It appears that Zhang, who is from China, may be basing her request on a 1995 United States Attorney General Memorandum authorizing a two-level downward departure from the applicable guidelines range in return for an alien's concession of deportability and agreement to accept a final order of deportation. *See United States v. Beltran-Palafox*, No. 09-40022-JAR, 2012 WL 899262, at *3 (D. Kan. Mar. 16, 2012) (denying section 2255 motion brought on same grounds).

to give defendants credit for an early plea agreement.[3] However, the Guidelines specifically state that such a departure can only be made upon the motion of the Government, and the decision as to whether a defendant is "fast-tracked" is in the sole discretion of the United States Attorney.[4] The Government has not filed such a motion. Moreover, Zhang did not plead guilty and accept responsibility in this case, but was convicted of drug trafficking charges after a jury trial, and sentenced by this Court to a term of 180 months.[5] Quite simply, the Court is unable to grant Zhang the relief she seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Pursuant to Fast Track U.S.S.G. 5K3.1 (Doc. 131) is DENIED.

**IT IS SO ORDERED.**

Dated: May 16, 2014

                                              S/ Julie A. Robinson

                                              JULIE A. ROBINSON

                                              UNITED STATES DISTRICT JUDGE

---

[3] *United States v. Gomez-Herrera*, 523 F.3d 554, 558, n.1 (5th Cir. 2008) (using fast track as synonym for relief pursuant to U.S.S.G. § 5K3.1).

[4] *Mercado-Zapata v. United States*, No. 11-0283, 2012 WL 3846432, *3 (N.D. Tex. Aug. 9, 2012) (citing § 5K3.1).

[5] Docs. 96, 105.